UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| JACKSON NATIONAL LIFE INSURANCE COMPANY and JACKSON NATIONAL LIFE INSURANCE COMPANY OF NEW YORK, | ) ) ) ) |
| Defendants, | ) ) |
| JACKSON NATIONAL LIFE INSURANCE COMPANY and JACKSON NATIONAL LIFE INSURANCE COMPANY OF NEW YORK, | CASE NO. 1:07-CV-265-PPS-RBC ) ) ) ) |
| Counterclaim Plaintiffs, | ) ) |
| vs. | ) ) ) |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY, | ) ) ) |
| Counterclaim Defendant. | ) |

## REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed. R. Civ. P. 26(f) and N.D. Ind. L.R. 16.1, counsel for Plaintiff Lincoln National Life Insurance Company and counsel for Defendants Jackson National Life Insurance Company and Jackson National Life Insurance Company of New York ("Jackson National") had a telephone conference on February 11, 2008 and present this Report to the Court.

1. <u>Pre-Discovery Disclosures</u>: The parties will exchange by **March 17, 2008**, information required by Fed. R. Civ. P. 26(a)(1). The parties further agree to amend such initial

disclosures within 30 days of issuance of the Related Patent described in Paragraph 3 below, as may be necessary in light of the issuance of that patent. The parties are relieved of the responsibility of filing the disclosures with the Court.

    2.    <u>Discovery Plan</u>: The parties jointly propose to the Court the following discovery plan:

    A.    Discovery will be needed on the following subjects:

        (i)    Lincoln's infringement claims against Jackson National;

        (ii)    Jackson National's defenses to Lincoln's allegations and related counterclaims; and

        (iii)    The extent of Lincoln's damages (if any).

    B.    All fact discovery will be commenced in a time to be completed no later than one hundred twenty (120) days following the Court's <u>Markman</u> order (<u>see</u> ¶3 below).

    C.    Supplementations under Rule 26(e) are due promptly upon discovery.

    D.    Each party may serve a maximum of twenty-five (25) interrogatories to any other party. Discrete subparts of an interrogatory are not counted as a separate interrogatory provided the subpart relates to the whole of the interrogatory. If the subpart does not reasonably relate to the whole of an interrogatory, it shall be counted as a separate interrogatory.

    E.    Maximum of fifty (50) requests for admission by each party to any other party. Requests for admission that are directed to document authenticity will not be counted toward this limit.

    F.    At Jackson National's request, and to expedite discovery, Lincoln has agreed to produce to Jackson National all documents Lincoln has produced in its ongoing litigation with Transamerica under the same patents at issue here. This production will occur within forty-five (45) days of entry by the Court of an agreed-upon protective order. The production by Lincoln will be in the same format as the productions in the Transamerica litigation and will be accompanied by Lincoln's written responses to Transamerica's prior production requests. Jackson National reserves the right to serve reasonable follow up production requests and Lincoln reserves the right to lodge any appropriate objections to such follow up requests.

G. Maximum of ten (10) fact witness depositions, including 30(b)(6) depositions, by each party. Depositions shall be limited to a single seven (7)-hour day of testimony time, unless otherwise agreed upon by the parties or ordered by the Court upon a showing that the witness is likely to have additional information that is relevant to a claim or defense of any party. Each seven (7) hours of 30(b)(6) testimony will be counted as a fact witness deposition for purposes of this paragraph.

H. Regardless of the manner of service, the parties agree that the deadline for filing or serving any responsive materials (including discovery responses) under the Federal Rules of Civil Procedure shall be enlarged by three (3) days.

I. As to all testifying experts (excluding expert witnesses (if any) for claim construction), whether or not such experts are considered retained experts under Fed. R. Civ. P. 26(a)(2):

   (i) The exchanging among counsel of reports from experts on issues that the party bears the burden of proof (i.e., infringement and damage reports from Lincoln and invalidity/prior art defense reports or other reports related to Jackson National's affirmative defenses/counterclaims from Jackson National) due thirty (30) days following the completion of fact discovery (see ¶ 2B above);

   (ii) The exchanging among counsel of rebuttal reports from experts due forty-five (45) days following the date expert reports are exchanged pursuant to ¶ 2I(i); and

   (iii) Expert depositions (excluding damages experts) to be completed by seventy-five (75) days following the date expert reports are exchanged pursuant to ¶ 2I(i). Depositions of damages experts to be completed by one hundred twenty-five (125) days following the date expert reports are exchanged pursuant to ¶ 2I(i).

J. Exchange and Scope of Electronic Discovery: The parties propose the following guidelines and limitations regarding the discovery of electronically stored information ("ESI"). As a general matter, the parties agree ESI in the form of metadata will not be sought and need not be produced absent a good cause showing by the requesting party. Subject to the foregoing:

   (i) To the extent a party requests the disclosure or production of ESI that is not reasonably available/accessible to the other party, the parties will work together in good faith to balance the need for the requested information against any undue burden or cost in an effort to avoid Court intervention;

(ii) The parties can exchange responsive and discoverable ESI in TIFF format, PDF format, or in Native format. The parties agree that production of ESI in TIFF or PDF format is "reasonably useable" under Rule 34(b). The parties further agree that ESI may be made available for inspection (*i.e.*, through a secure workstation or terminal or a third-party vendor agreed to by the parties) on an For Outside Counsel Only basis under the Protective Order, without waiver of privilege or immunity, and after the requesting party identifies the relevant documents for production the producing party will promptly review, designate and assert any claims of privilege or immunity applicable to the identified documents. A party making ESI available for inspection must do so in a form and manner that will allow date and full text word searches.

(iii) Under Rule 26(b)(5)(B), the inadvertent production of any privileged or otherwise protected ESI or documents shall not be deemed a waiver or impairment of any claim of privilege or protection including but not limited to the attorney-client privilege or work product doctrine immunity, provided that the producing party promptly notifies the receiving party of the inadvertent production. Upon notification, the receiving party shall retrieve and return any such material, and the receiving party's counsel shall not use such information for any purpose until further order of the Court. Any analyses, memoranda or notes which were generated based upon such inadvertently produced information shall be treated strictly confidential and shall not be used for any purpose unless as agreed upon by the parties or as directed by the Court. The producing party must also preserve the information until any dispute regarding the ESI or document is resolved.

(iv) In the interests of economy and swift resolution of any dispute, the scope of the discovery and the form in which ESI is produced may be further limited or modified by agreement by the parties.

(v) The scope of discovery or the format of the production of ESI may be further limited or modified by Court order upon a showing of good cause or undue burden and expense.

3. <u>Claim Construction</u>: This lawsuit involves U.S. Patent No. 6,611,815 (the "'815 Patent") and U.S. Patent No. 7,089,201 (the "'201 Patent"). Separately, Lincoln has received a Notice of Allowance from the U.S. Patent Office on a related patent application and expects that third patent (the "Related Patent") to issue within the next three (3) months. Upon the issuance of this Related Patent, Lincoln intends to seek leave from the Court to add it to the current

lawsuit. With respect to claim construction of the '815 and '201 Patents and the Related Patent, the parties propose to the Court the following plan:

- A. The parties request that a <u>Markman</u> hearing to determine the scope of disputed claims to be held as soon as possible after **October 1, 2008** (the completion of <u>Markman</u> briefing). The parties shall file claim charts, file <u>Markman</u> briefs, and identify claim construction experts (if any) as follows:

    - (i) Lincoln will serve claim charts with preliminary interpretation positions and citation to intrinsic and extrinsic supporting evidence by **April 1, 2008 or within 30 days of the issuance of the Related Patent described above (whichever is later)**. Jackson National will serve claim charts with preliminary interpretation positions and citation to intrinsic and extrinsic supporting evidence on **May 1, 2008 or within 45 days of the issuance of the Related Patent described above (whichever is later)**. No later than **June 1, 2008 or within 60 days of the issuance of the Related Patent described above (whichever is later)**, the parties will confer in an attempt to narrow the scope of claim interpretation issues to be briefed and argued. The parties will submit a joint claim interpretation chart to the Court identifying disputed and undisputed claim elements and the parties' interpretation of elements by **June 15, 2008**. The joint claim chart shall identify any intrinsic and extrinsic evidence that the parties intend to rely upon for claim interpretations purposes. The parties reserve the right to designate intrinsic or extrinsic rebuttal evidence in the <u>Markman</u> briefs.

    - (ii) If the parties desire to rely upon expert testimony for claim construction issues:

        - (a) The parties shall produce all expert affidavits or reports concerning claim construction issues by **June 15, 2008**. The parties shall produce any rebuttal affidavits reports, if any, by **July 15, 2008**;

        - (b) The parties shall depose all experts offering testimony on claim construction issues by **August 1, 2008**;

    - (iii) The parties will simultaneously file <u>Markman</u> briefs by **September 1, 2008**; and

    - (iv) The parties will simultaneously file response briefs by **October 1, 2008**.

> \* *The parties recognize that if the Related Patent does not issue by April 15, 2008, the <u>Markman</u> dates may need to be revisited/revised.*

4. <u>Patent Infringement and Invalidity Contentions</u>:

A. <u>Lincoln's Disclosure of Asserted Claims and Preliminary Infringement Contentions</u>: By **March 17, 2008 for the '815 and '201 Patents and within 30 days of the issuance of the Related Patent described above**, Lincoln will:

  (i) Serve a chart identifying each claim of the '815 and '201 Patents and the Related Patent that it believes is infringed and identify each process, method, or act that Jackson National performs that is allegedly infringing, whether directly, contributorily, or by inducement. The chart shall identify each asserted claim, the earliest alleged priority date for each asserted claim, the information or documents that support the alleged priority date(s), and element/limitation of each asserted claim and describe how Jackson National is infringing each element/ limitation, whether literally or under the doctrine of equivalents.

  (ii) Produce the file histories for the '815 and '201 Patents and the Related Patent, and all documents that support the alleged priority date(s) for each asserted claim. In the event the supporting documents are confidential and no Protective Order has been entered in the case, Jackson National agrees to treat any document that bears a confidentiality designation as produced For Outside Counsel Only until the entry of a Protective Order by the Court, at which point the designated documents will be subject to the treatment specified under the Protective Order.

B. <u>Jackson National's Disclosure of Alleged Prior Art and Preliminary Invalidity Contentions</u>: By **May 16, 2008 for the '815 and '201 Patents and within 90 days of the issuance of the Related Patent described above**, Jackson National will:

  (i) Disclose each item of prior art that allegedly anticipates each asserted claim of the '815 and '201 Patents and the Related Patent or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Insofar as such information is available, each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer. Prior art under 35

    U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.  Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s).

  (ii) State whether each item of prior art anticipates each asserted claim or renders it obvious.  If a combination of items of prior art makes a claim obvious, each such combination, must be identified.

  (iii) Serve a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found; and

  (iv) State and explain any other grounds of invalidity including those based on 35 U.S.C. §§ 101 and 112.

  (v) Produce a copy of each prior art reference that is identified above that does not appear in the file histories of the '815 and '201 Patents and the Related Patent.

C. Supplemental Infringement and Invalidity Contentions:

  (i) Within seventy-five (75) days of the Court's <u>Markman</u> ruling, Lincoln shall serve any supplemental infringement contentions.

  (ii) Within ninety (90) days of the Court's <u>Markman</u> ruling, Jackson National shall serve any supplemental invalidity contentions.

5. <u>Other Items</u>:

A. <u>Joinder of Parties</u>:  The last date for the parties to seek leave of Court to join additional parties is **October 1, 2008**.

B. <u>Amendment of Pleadings</u>:  The last date for the parties to seek leave of Court to amend the pleadings is **October 1, 2008**.

C. <u>Dispositive Motions</u>:  All potentially dispositive motions should be filed no later than sixty (60) days after the close of fact discovery.  Dispositive motions are governed by N.D. Ind. L.R. 56.1.

D. <u>Pretrial Disclosures</u>:  The timing of filing pretrial disclosures under Fed. R. Civ. P. 26(a)(3) shall be governed by the Court's Order Controlling the Case which will be entered upon the assignment of a trial date.  Disclosures under Rule 26(a)(3) shall be filed with the Court.

E. <u>Concerning Settlement</u>:  The parties have engaged in settlement discussions prior to the preliminary pretrial conference and expect to

      continue those discussions following the preliminary pretrial conference. The parties have further discussed potential mediators and the possibility of a judicial settlement conference conducted by the Honorable Roger B. Cosbey.  By **March 17, 2008**, the parties will submit a notice of mediator selection to the Court or request a judicial settlement conference.

F.    <u>Final Pretrial Conference</u>:  Based on the foregoing schedule, the parties currently anticipate that the case will be ready for a final pre-trial conference in approximately **October 2009**.

G.    <u>Trial</u>:  Based on the foregoing schedule, the parties currently anticipate that the case will be ready for trial in approximately **November/December 2009**.  Trial is expected to take ten (10) full days.  Counsel are aware that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar.  Counsel know that this includes an evidence presentation system, which consists of a document camera, digital projector, and screen.  Counsel know the projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies, and small objects.  Counsel acknowledge they can contact one of the Court's courtroom deputy clerks for information or training.

| | |
|---|---|
| */s/ Gary C. Furst* | */s/ Matthew J. Elliott (with permission by Gary C. Furst* |
| D. Randall Brown (#15127-49) | Matthew J Elliott |
| (randy.brown@btlaw.com) | (mje@beckmanlawson.com) |
| Gary C. Furst (#19349-64) | Wendy W. Davis |
| (gary.furst@btlaw.com) | (wwd@beckmanlawson.com) |
| Carrie Marie Raver (#25257-49) | Beckman Lawson LLP |
| (carrie.raver@btlaw.com) | Suite 800 |
| BARNES & THORNBURG LLP | 200 East Main Street |
| 600 One Summit Square | Post Office Box 800 |
| Fort Wayne, IN  46802 | Fort Wayne, Indiana  46801-0800 |
| Telephone:  (260) 423-9440 | |
| Facsimile:  (260) 424-8316 | David T. Pritikin, PHV |
| | (dpritikin@sidley.com) |
| ATTORNEYS FOR THE PLAINTIFF, | Richard A. Cederoth, PHV |
| LINCOLN NATIONAL LIFE INSURANCE COMPANY | (rcederoth@sidley.com) |
| | Sidley Austin, LLP |
| | One South Dearborn Street |
| | Chicago, Illinois 60603 |

-9-

        Li Chen, PHV
        (lchen@sidley.com)
        Daniel J. Galligan, PHV
        (dgalligan@sidley.com)
        Sidley Austin, LLP
        Suite 3400
        717 North Harwood
        Dallas, Texas 75201

        ATTORNEYS FOR THE DEFENDANTS
        JACKSON NATIONAL LIFE INSURANCE
        COMPANY and JACKSON NATIONAL
        LIFE INSURANCE COMPANY OF NEW
        YORK

APPROVED AND SO ORDERED:


Dated: _____     _____
                                                  Judge, United States District Court

FWDS01 GCF 228364v1